# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

NEW HOPE METHODIST CHURCH

VERSUS

BOARD OF TRUSTEES OF THE
LOUISIANA ANNUAL CONFERENCE
OF THE UNITED METHODIST
CHURCH, SOUTH CENTRAL
JURISDICTION

CONSOLIDATED WITH

CONCORD METHODIST CHURCH

VERSUS

BOARD OF TRUSTEES OF THE
LOUISIANA ANNUAL CONFERENCE
OF THE UNITED METHODIST
CHURCH, SOUTH CENTRAL
JURISDICTION

**SEPTEMBER 16, 2024**

---

In Re:    United Methodist Foundation of Lousiana, applying for supervisory writs, 20th Judicial District Court, Parish of West Feliciana, No. 24739 c/w 24740.

---

**BEFORE: McCLENDON, WELCH, CHUTZ, LANIER, AND STROMBERG, JJ.**

**WRIT GRANTED WITH ORDER.** The portion of the trial court's June 18, 2024 judgment denying the declinatory exception of improper venue filed by United Methodist Foundation of Louisiana (hereinafter the "Foundation") is reversed. We find that the claims of plaintiffs, New Hope Methodist Church and Concord Methodist Church, against the Foundation allege a breach of investment management agreements between the plaintiffs and the Foundation, which contain a venue selection clause requiring any judicial dispute arising from the agreements to be brought in East Baton Rouge Parish. Venue selection clauses, also referred to as forum selection clauses, are *prima facie* valid, legal, and binding in Louisiana, and a party seeking to set aside such a provision bears a heavy burden of proof. Such a clause should be enforced unless the resisting party clearly proves that enforcement of the forum-selection clause would be unreasonable and unjust, or that the clause arises from fraud or overreaching, or that the enforcement would contravene a strong public policy of the forum where the suit is brought. **Shelter Mutual Ins. Co. v. Rimkus Consulting Grp., Inc. of Louisiana,** 2013-1977 (La. 7/1/14), 148 So.3d 871. We find that plaintiffs failed to meet their heavy burden of proving the venue selection clauses should not be enforced. Accordingly, the exception of improper venue is granted, and this matter is remanded to the trial court with instructions to transfer the claims of New Hope Methodist Church and Concord Methodist Church against United Methodist Foundation of Louisiana to East Baton Rouge Parish.

**JEW**
**WIL**
**TPS**

**McClendon, and Chutz, JJ.,** dissents and would deny the writ. We find the claims of the plaintiffs, New Hope Methodist Church and Concord Methodist Church, against the relator, United Methodist Foundation of Louisiana (the "Foundation"), do not allege a breach of the investment management agreements between the plaintiffs and the Foundation, but rather allege a dispute over ownership of the funds previously held by the Foundation. As such, we find the venue selection clauses contained in the investment management agreements do not apply to this matter. Therefore, we believe the trial court properly denied the Foundation's declinatory exception of improper venue.

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
       FOR THE COURT